UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDMOND ROBERT MANSOOR,

    Plaintiff,

  v.

M/V ZAANDAM, et al.,

    Defendants.

No. C05-1027P

ORDER ON DEFENDANTS'
MOTION IN LIMINE

This matter comes before the Court on Defendants' motion in limine. (Dkt. No. 36). Having reviewed the materials submitted by the parties, the Court GRANTS in part and DENIES in part Defendants' motion. The reasons for the Court's order are set forth below.

**Discussion**

This case involves a slip and fall accident on a Holland America cruise ship. Defendants seek to preclude Plaintiff from offering nine categories of evidence at trial. This matter will be tried to the Court.

A. **Evidence of Other Incidents**

Defendants seek to exclude testimony or evidence regarding:

Incidents involving defendants that are not relevant to this case, including but not limited to (a) outbreaks of Norwalk, Norwalk-like, gastrointestinal or other contagious diseases aboard defendants' vessels; (b) September 12, 2001 plane crash involving University of Washington

ORDER - 1

alumni from a Holland America vessel; (c) any incidents involving allegedly improper waste disposal from Holland America vessels; (d) any of the facts, events, claims, defenses, or legal pleadings relating to <u>Simonin v. Holland America Line</u>, United States District Court, Western District of Washington at Seattle, Cause No. C01-1940Z, and (e) any other unrelated incidents, including any other incidents involving allegations of passengers slipping or falling on board defendants' vessels.

The Court grants Defendants' motion to the extent it concerns items (a) - (c) listed above. It is apparent that none of those incidents would be relevant to this matter, and Plaintiff has indicated that he does not intend to offer evidence regarding such incidents. The Court denies Defendants' request to issue a pretrial ruling excluding items (d) and (e) because the Court does not have sufficient context to determine the potential relevance of such evidence. Defendants may raise objections regarding such items if they are offered at trial.

**B.     Evidence of Liability Insurance**

The Court grants Defendants' unopposed request to exclude testimony or evidence regarding liability insurance.

**C.     Expert Testimony on Issues of Liability or Causation**

Defendants seek to preclude Plaintiff, his family members, or his treating physicians from offering expert opinion testimony regarding the cause of Plaintiff's accident or safety conditions in the area where the accident occurred.

The Court grants Defendants' request to exclude expert opinion testimony from Plaintiff and Plaintiff's family members regarding these subjects, since none of these individuals were disclosed as expert witnesses under Rule 26(a)(2)(A). However, this ruling should not be construed as precluding Plaintiff or his family members from offering lay opinion testimony pursuant to Fed. R. Evid. (FRE) 701.

The Court also grants Defendants' request to preclude Plaintiff's treating physicians from offering expert opinion testimony regarding the cause of Plaintiff's accident or whether the conditions on the deck were unreasonably dangerous. Plaintiff's treating physicians have not been disclosed as

ORDER - 2

experts on these issues or any other issues. To the extent Defendants seek a broader restriction on expert opinion testimony from Plaintiff's treating physicians, the Court addresses such issues in Section F below.

**D.   Evidence of Subsequent Remedial Measures**

The Court grants Defendants' unopposed request to exclude any evidence or mention of subsequent remedial measures or repairs.

**E.   Evidence of Settlement or Compromise Offers of Negotiations**

The Court grants Defendants' unopposed request to exclude any evidence or mention of settlement or compromise offers or negotiations.

**F.   Expert Opinions Not Properly Disclosed and Included in Expert Reports**

Defendant has requested that the Court exclude "[a]ny expert testimony with respect to any liability or damages issue as plaintiff did not disclose any expert witnesses at any time throughout this case." In part, this request overlaps with Defendants' earlier request (discussed above in Section C) to exclude expert opinion testimony regarding the cause of Plaintiff's accident and safety conditions where the accident occurred. However, this request is broader in that Defendants request that the Court "order that plaintiff may not present any testimony under FRE 702, 703 or 705 from any witness since no expert witnesses have been identified by plaintiff and no reports of expert witnesses have been disclosed." (Opening Brief at 8).

Defendants' request is based on Fed. R. Civ. P. 26(a)(2)(A) and 26(a)(2)(B). Rule 26(a)(2)(A) provides that "a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Rule 26(a)(2)(B) requires that "a witness who is retained or specially employed to provide expert testimony in the case" must provide a written report prepared and signed by the witness.

Plaintiff argues that his treating physicians were not required to produce expert reports under Rule 26(a)(2)(B) because they were not "retained or specially employed" to provide expert testimony.

ORDER - 3

This argument is supported by the Advisory Committee notes to the 1993 amendments to Rule 26(a)(2)(B). However, even if Plaintiff was not required to provide expert reports from his treating physicians under Rule 26(a)(2)(B), he was still obliged to disclose his treating physicians as experts under Rule 26(a)(2)(A) to the extent he intends to have his physicians offer expert testimony under FRE 702, 703, or 705.

Here, Plaintiff has only disclosed his treating physicians as fact witnesses. As fact witnesses, Plaintiff's treating physicians may testify regarding what they actually observed and what treatment they provided. See Brandon v. Village of Maywood, 179 F. Supp. 2d 847, 859 (N.D. Ill. 2001). A treating physician's testimony regarding observations and treatment "are not matters outside the kind of the average juror, so Rule 702 and the disclosure obligations of Rule 26(a)(2)(A) are not triggered." Id. However, because Plaintiff's treating physicians were not disclosed as experts, they may be precluded from testifying at trial regarding matters that rely on "scientific, technical, or other specialized knowledge" within the scope of FRE 702. Id. Whether testimony from Plaintiff's treating physicians falls within the scope of FRE 702 may be addressed through appropriate objections when their testimony is presented to the Court.

Because Plaintiff did not disclose his treating physicians as expert witnesses, he may only offer expert testimony from his physicians if his failure to make expert witness disclosures under Rule 26(a)(2)(A) was substantially justified or harmless. See Rule 37(c)(1) ("[a] party that without substantial justification fails to disclose information requried by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed."). To determine whether the non-disclosure was harmless will likely depend on the particular testimony. For example, if Plaintiff seeks to offer expert testimony from his physicians regarding his prognosis, he may be able to demonstrate harmlessness by showing that Defendants had a reasonable opportunity to prepare for cross-examination and to arrange for expert testimony from other witnesses on that issue. See Brandon, 179 F. Supp. 2d at 860 (noting that "[t]he purpose of

ORDER - 4

Rule 26(a)(2)(A) disclosures is [to] afford opposing parties 'a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.'"). The Court cannot make a blanket pretrial determination on whether Plaintiff's failure to disclose expert witnesses as required by Rule 26(a)(2)(A) was harmless. Therefore, the Court will reserve ruling on this question until it arises at trial.

Under the rubric of excluding undisclosed expert testimony, Defendants also seek to preclude Plaintiff from introducing "Bolidt deck cleaning instructions" at trial. As the Court has not seen a copy of this exhibit, the Court will reserve ruling on the admissibility of this exhibit until it is offered at trial.

**G.    Documents and Objects Not Produced Before the Close of Discovery**

Defendants request that the Court exclude any documents or objects not produced by Plaintiff before the close of discovery. Plaintiff stipulates to this request, provided that the exclusion applies to both sides and does not apply to evidence used to rebut a witness's testimony. Therefore, the Court grants Defendants' request to exclude documents or objects not produced before the close of discovery, with the exception of documents and objects used to rebut a witness's testimony. This exclusion applies to both sides.

**H.    Unauthenticated Documents and Summaries of Medical Bills**

Defendants request that the Court exclude any summaries of Plaintiff's medical bills, as well as "any medical record not properly identified or authenticated." The Court denies this request because it is not clear at this point that Plaintiff will be unable to authenticate medical records at trial or that Plaintiff will be unable to comply with the requirements of FRE 1006 if he seeks to offer summaries of his medical bills. The Court will address any objections to the authenticity of documents or summaries of medical bills at trial.

ORDER - 5

1  **I.      References to this Motion in Limine**

2       Finally, Defendants argue that Plaintiff "should be precluded from referencing the filing of or

3  the Court's rulings" on this motion in limine. The Court denies this request because this case is being

4  tried to the Court and granting this request would serve no useful purpose in a bench trial.

5                                  **Conclusion**

6       For the reasons discussed above, Defendants' motion in limine is granted in part and denied in

7  part. The clerk is directed to provide copies of this order to all counsel of record.

8       Dated:   August 2, 2006

9

10                                s/Marsha J. Pechman
                               Marsha J. Pechman
11                                United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER - 6