UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDMOND ROBERT MANSOOR,

Plaintiff,

v.

M/V ZAANDAM, its engines, appurtenances and tackle, *in rem*, and HOLLAND AMERICA LINE – WESTOURS, INC.; HAL NEDERLAND N.V. CORP.; HOLLAND AMERICA LINE N.V.; HOLLAND AMERICA, INC; HOLLAND AMERICA LINE - USA INC., *in personam,*

Defendants.

NO. C05-1027P

FINDINGS OF FACT and
CONCLUSIONS OF LAW

The trial of this action began on August 7, 2006 and ended on August 8, 2006. The plaintiff was represented by Angela K. Wong and William A. Keller of Moran Windes & Wong, Seattle, Washington. The defendants were represented by Jonathan Hayes and Paul Smith of Forsberg and Umlauf, Seattle, Washington. After reviewing and considering the testimony and exhibits submitted at trial and the written and oral arguments of counsel, the Court now makes and enters the following Findings of Fact and Conclusions of Law.

FINDINGS OF FACT

1. Plaintiff Edward Mansoor fell on December 8, 2004 while he was a passenger aboard the M/V Zaandam. The vessel was in navigable waters.

FINDINGS OF FACT &
CONCLUSIONS OF LAW - 1

2. Defendant Holland America Line N.V. chartered the M/V Zaandam and defendant Holland America Line Inc. is an agent for defendant Holland America Line N.V.

3. At the time of the fall, Plaintiff was 81 years old. He was recovering from a fall which broke his left shoulder in October 2004. He walked with the assistance of a four-pronged cane.

4. Mr. Mansoor also was taking painkillers that came with a warning not to drive. These he took periodically to manage residual pain in his left shoulder.

5. Mr. Mansoor fell while walking on the Lido Deck of the vessel. The deck contained a swimming pool and hot tubs. Warning signs and cones were placed upon the deck and around its perimeter warning that the deck is "slippery when wet."

6. The deck also provided self-service food and drink stations. Passengers could carry their food and drinks to tables and chairs around the deck.

7. Approximately 4-6 employees of the defendant were charged with cleaning up after passengers, responding to passenger requests, and serving drinks.

8. To respond to passengers' requests and to bus tables, the employees were in continuous circulation throughout the deck area.

9. Defendants' policy was that spills and hazards were to be cleaned up immediately upon being observed, and employees were charged with carrying out this policy.

10. Plaintiff was an experienced traveler. He was familiar with the Lido Deck on the vessel and had eaten meals and relaxed in the area on previous days before the fall.

11. At the time Plaintiff fell, he was walking forward in a corridor between dining tables on the port side and beach chairs on his starboard side. He was using his cane and was wearing shoes. Although the shoes were introduced into evidence, no testimony was elicited as to whether they are in the same condition as on December 8, 2004. The shoes in evidence are worn and have had the tread worn away on portions of the soles and heels.

**FINDINGS OF FACT &
CONCLUSIONS OF LAW - 2**

12. Mr. Mansoor fell onto his left side and injured his left shoulder, knee, and ankle.

13. He was assisted up and into a chair by other people in the area. He insisted that he was all right and he did not complain to anyone, including the security officer who contacted him, that there was food on the deck.

14. Mr. Mansoor believes that he slipped on food matter and that he saw a trail of food between 1-2 feet long smeared on the deck by his shoes.

15. No one reported any food on the deck in the area of the fall, either before or after the fall.

16. Mrs. Mansoor was called to come to Plaintiff's aid. She also did not see any food matter on the deck.

17. Mr. Mansoor was interviewed by the security officer, the ship's nurse, and the ship's doctor. He advised them that he slipped on water and did not mention food.

18. He disembarked and received treatment from multiple doctors. None of the treating doctors' histories contain any mention of food as being the instrumentality of the fall. Each records a wet surface as what Plaintiff reported that he fell on.

19. Plaintiff offered no expert testimony on the issues of staffing, housekeeping, cleaning policies, deck surface, coefficient of friction for food versus water, frequency of falls in self-service areas, or suitability of Plaintiff's footwear for the deck surface.

## CONCLUSIONS OF LAW

1. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1333. Venue lies in this jurisdiction pursuant to the term of the Cruise Contract entered into between the parties and 28 U.S.C. § 1391(a) and (b).

2. The burden of proof is by a preponderance of the evidence and Plaintiff is charged with that burden.

**FINDINGS OF FACT &
CONCLUSIONS OF LAW - 3**

3. The general maritime law applies and the charterer of a ship owes to its passengers the duty of exercising reasonable care under the circumstances of each case.

4. In order to prove liability against a defendant, the plaintiff must prove that the defendant is a charterer or owner of the vessel. Only defendant Holland America Line N.V. is a charterer of the M/V Zaandam. All other defendants are dismissed.

5. The defendant cannot be held liable unless it is shown that the defendant had actual or constructive notice of a dangerous condition.

6. The defendant did not have actual notice of any food waste on the deck, thus defendant's liability hinges on the analysis of constructive notice. Plaintiff argues that self-service of food puts defendants on notice of a dangerous condition, and therefore makes them liable for any fall caused by food on the deck. That cannot be the case without some evidence that the vessel's response to the known hazards of self-service food handling is inadequate. Plaintiff has failed in this burden.

7. A judgment in favor of Defendant Holland America Line N.V. shall be entered.

8. Having found no liability, the Court does not make findings on the issue of damages as those findings are not necessary to the resolution of this case.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: August 17, 2006

                                          s/Marsha J. Pechman
                                          Marsha J. Pechman
                                          United States District Judge